# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| JARED BAILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| COLLINS-BURKE FUNERAL HOME, INC., | ) |
| | |
| Defendant. | |

## COMPLAINT

### I. JURISDICTION

1. This is a suit for unpaid overtime brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. Jurisdiction of this Court exists pursuant to 29 U.S.C. §§216(b) and 217 and 28 U.S.C. §1331 and 1343(4).

### II. PARTIES

2. Plaintiff Jared Bailey ("Plaintiff") is a citizen of the United States over the age of nineteen and a resident of Jefferson County, Alabama.

3. Defendant Collins-Burke Funeral Home, Inc. ("Defendant") is an Alabama corporation based in Jasper, Walker County, Alabama.

4. Defendant is and was at all times relevant to this complaint a covered entity with regard to the overtime provisions of the FLSA engaged in commerce as contemplated by 29 U.S.C. §§ 203(r) and 203(s).

## III.  STATEMENT OF FACTS

5.  Defendant owns and operates a funeral home in Jasper, Alabama named Collins-Burke Funeral Home and did so during the events of this case.

6.  Plaintiff was employed by Defendant from June of 2015 to on or about August 6, 2021.

7.  Plaintiff was employed as a Funeral Assistant throughout his employment with Defendant.

8.  Plaintiff's duties consisted of working visitations and funerals, waiting on customers, picking up decedents, and embalming.

9.  As part of his job duties, Plaintiff accepted credit and debits cards from Defendant's customers and ran the transactions to effectuate sales for Defendant's benefit.

10.  As part of his job duties, Plaintiff accepted telephone calls from customers that originated from telephone numbers outside the State of Alabama.

11.  As part of his job duties, Plaintiff made telephone calls to customers that were directed to telephone numbers outside the State of Alabama.

12.  Plaintiff never supervised any employees during his employment with Defendant.

13. Plaintiff never had authority to discipline, hire, or fire employees during his employment with Defendant.

14. At all times during the employment relationship, Defendant incorrectly classified Plaintiff as an exempt employee.

15. Defendant always paid Plaintiff on a salaried basis.

16. Defendant paid Plaintiff at a rate of $550 a week until on or about March 30, 2020, at which time Plaintiff's weekly salary was increased to $575.

17. Plaintiff's set work hours were 8 a.m. to 4 p.m. Thursday through Monday and also on Friday and Sunday nights overnight from 8 p.m. to normal start time the next morning, for a total of 64 hours per week.

18. Plaintiff actually worked until 5 or 6 p.m. three to four days a week, with Defendant's knowledge.

19. As a result, Plaintiff averaged working 70 hours a week.

20. Plaintiff was never paid anything beyond his salary for hours worked over forty in a week.

## IV. CAUSES OF ACTION

### COUNT I

### UNPAID OVERTIME - FLSA

21. Paragraphs 1-20 are incorporated by reference.

22. During the three years preceding the filing of this Complaint, Defendant was an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l).

23. During the three years preceding the filng of this Complaint, Defendant had two or more employees, including Plaintiff, engaged in interstate commerce and further had employees who handled and/or worked on goods that had been moved in and/or produced in commerce.

24. During the three years preceding the filing of this Complaint, Defendant's gross annual volume of revenue exceeded $500,000 per year.

25. During the three years preceding the filing of this Complaint, Defendant was Plaintiff's employer as defined in 29 U.S.C. §203(d).

26. During the three years preceding the filing of this Complaint, Plaintiff was Defendant's employee as defined in 29 U.S.C. §203(e)(1).

27. Plaintiff was engaged in interstate commerce while working for Defendant. Plaintiff's interstate commercial activity included, but was not limited to, interacting with customers, using the instrumentalities of interstate commerce that included processing debit and credit card transactions, and speaking with customers on the telephone.

28. At all times during his employ with Defendant, Plaintiff was non-exempt under the FLSA with respect to its overtime provisions.

29. Defendant was required by the FLSA to pay Plaintiff time and one half for all hours worked over forty in each workweek in which he worked more than forty hours.

30. As set forth above, Plaintiff routinely worked more than forty hours a week for Defendant.

31. As set forth above, Defendant never paid Plaintiff overtime for any hours worked over forty in a week.

32. As a result of the foregoing, Plaintiff has suffered lost wages.

33. Defendant knew that its failure to pay Plaintiff overtime as set forth above was prohibited by law or showed reckless disregard for whether it was.

34. Defendant therefore willfully violated the FLSA in failing to pay Plaintiff overtime for all applicable hours worked.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That, pursuant to 28 U.S.C. §2201, the Court issue an Order declaring that Defendant's actions herein violated the FLSA;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by paying him unpaid wages and liquidated damages;

(iii) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences resulting from a judgment in his favor; and

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

        Respectfully submitted,

        s/ Adam M. Porter
        Adam M. Porter
        Attorney for Plaintiff
        Adam M. Porter, LLC
        2301 Morris Avenue, Suite 102
        Birmingham, Alabama 35203
        Phone: (205) 322-8999
        Facsimile: (205) 402-4619
        Email: adam@adamporterlaw.com

Plaintiff requests trial by struck jury.

        s/ Adam M. Porter
        Attorney for Plaintiff

Defendant's Address:
Collins-Burke Funeral Home, Inc.
c/o Mike Burke, Registered Agent
303 Oak Hill Rd.
Jasper, AL 35504

6