FILED
2021 Dec-09 PM 12:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| JARED BAILEY, | ) |
| Plaintiff, | ) |
| v. | ) 6:21-cv-01277-LSC |
| COLLINS-BURKE FUNERAL HOME, INC. | ) |
| Defendant. | ) |

## JOINT MOTION TO APPROVE SETTLEMENT

Jared Bailey commenced this Fair Labor Standards Act (FLSA) action by filing a Complaint (Doc. 1) on September 23, 2021, in which he alleges that Collins-Burke Funeral Home, Inc. ("Collins-Burke") violated the FLSA by paying him on a salary basis notwithstanding the fact Bailey was not exempt from the FLSA's overtime premium provision, 29 U.S.C. § 207. Bailey alleges, and Collins-Burke does not dispute, that he was employed during the three-year period immediately preceding the filing of his Complaint. As alleged in the Complaint, the parties agree that Bailey stopped working for Collins-Burke on August 6, 2021. (*See* Doc. 1 at ¶ 6).

"The statute of limitations for a claim seeking unpaid overtime wages under the FLSA is generally two years. 29 U.S.C. § 255(a). But if the claim is one "arising out of a willful violation," the statute of limitations is extended to three years. *Id*.

"To establish that the violation of the [FLSA] was willful in order to extend the limitations period, the employee must prove by a preponderance of the evidence that his employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008).

An employer willfully violates the FLSA when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 134, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). A relevant administrative regulation defines "reckless disregard" as "failure to make adequate inquiry into whether conduct is in compliance with the act." 5 C.F.R. § 551.104. The United States Supreme Court recognizes that "[t]he fact that Congress ... adopted a two-tiered statute of limitations [ ] makes it obvious that Congress intended to draw a significant distinction between ordinary violations and willful violations," *Richland Shoe Co.*, 486 U.S. at 132, 108 S.Ct. 1677. "Neither negligence, nor even unreasonable conduct, is sufficient to prove willfulness," *Ojeda-Sanchez v. Bland Farms, LLC*, 499 F. App'x 897, 902 (11th Cir. 2012) (citing *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1324 (11th Cir. 2007)). As the plaintiff, Bailey bears the burden of proving a violation is willful by a preponderance of the evidence. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162-63 (11th Cir. 2008) (citation omitted); see also

McLaughlin, 486 U.S. at 135, 108 S.Ct. 1677. On the other hand, exemptions from the FLSA's overtime provision are narrowly construed, and as the defendant Collins-Burke would bear the burden of proving that Bailey falls within an exemption. *Morgan*, 551 F.3d at 1269. Bailey and Collins-Burke understand their respective burdens and have been advised by their counsel of the challenges, costs, and risks associated with litigation.

Both parties are also aware of the amount at stake. Bailey alleges that he received a flat rate of $550 or $575 per week while working 70 hours a week. (Doc. 1 at ¶¶ 16-17). He thus alleges that he received straight-time wages above the FLSA's minimum wage of $7.25 per hour. Because he was paid on a salary basis, he alleges, he is entitled to the FLSA's half-time premium for hours over forty worked in each workweek during the applicable recovery period, be it two or three years. For the purposes of the parties' proposed settlement more fully explained herein, Collins-Burke does not claim that Bailey was exempt from the FLSA's overtime provision or that Bailey was paid on a salary basis. Collins-Burke does dispute the number of hours Bailey alleges he worked. In addition, and after Bailey filed his Complaint, Collins-Burke provided evidence to Bailey (the quality and effect of which falls within the ambit of the aforementioned litigation "challenges, costs, and risks").

Bailey alleges that he worked on average 70 hours a week. (Doc. 1 at ¶ 19). Dividing a weekly salary of $550 by 70 yields a straight-time wage rate of $7.86 per hour. The FLSA's overtime premium rate is .5 the regular rate -- $3.93 in this instance. Because Bailey is entitled to premium payment only for the hours worked over 40 in each workweek, Bailey's FLSA claim as stated in his Complaint can be monetized by multiplying the overtime premium rate by the 30 hours he alleges he worked on average. This computation yields $117.90 alleged due in each workweek for which his salary was $550 and $123.15 for those weeks in which his salary was $575. Exhibit 1 to this motion is a chart that reflects weekly wages Bailey alleges he is due for the two-year period preceding the filing of his Complaint. The total claimed wages for the two-year period preceding the filing of his Complaint is $11,926.95. Collins-Burke disputes Bailey's claim that he worked 70 hours a week on average, but that dispute in part compels Collins-Burke to move the court to approve a settlement of Bailey's claims. Collins-Burke does not dispute the math shown in Exhibit 1. Collins-Burke recognizes that a court may award liquidated damages in an amount up to 100% of the proved unpaid wages. Bailey recognizes that evidence in a given case may result in a liquidated damages award of less than 100% of the proved unpaid wages, including no award.

Recognizing the trials and tribulations of trials and tribunals, the parties move the court to approve a settlement in the amount of $13,500 in unpaid wages, an equal

amount ($13,500) in liquidated damages, and an award of costs including attorneys' fees in favor of Bailey in the amount of $8,500. Counsel for the parties are aware of some judicial decisions that, under certain circumstances, view with disfavor the proposed resolution of costs in conjunction with resolution of the alleged unpaid wages and claim for liquidated damages because of the possibility that resolution of a cost claim could adversely affect/serve as a conflict of interest with resolution of the wage claim, but the undersigned represent that the resolution of Bailey's claim has never been compromised by consideration of his cost claim and point out that the proposed resolution uses Bailey's alleged (and true) salary rate and the average number of hours he alleges he worked, pays him more than 100% of that claim for more than the ordinary two-year recovery period, and provides 100% of that number as liquidated damages. The undersigned further represent that they have endeavored to resolve the costs claim in full recognition of the scope and scale of this litigation while being fully cognizant of the fact that attorneys' fees for both parties can quickly supersede the underlying "value" of an FLSA claim. We hope we have acted reasonably under the circumstances and certainly have intended to do so.

In *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1352 (11th Cir. 1982), the Eleventh Circuit held that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." The options are supervision of the settlement by the Secretary of Labor (inapplicable in

this case) or by presenting the proposed settlement to the Court for approval if it finds the agreement to be fair and reasonable. *Id*. at 1353. Based on the foregoing, the parties believe the settlement they have reached is a fair and reasonable resolution of the case given the disputed facts and uncertainties, as well as the costs of continued litigation. The parties therefore request the Court's approval of their settlement.

                                                                    Respectfully submitted,

                                                                    s/ *Adam M. Porter*
                                                                  Adam M. Porter
                                                                  Attorney for Plaintiff

Adam M. Porter, LLC
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
(205) 322-8999
adam@adamporterlaw.com

                                                                  */s/ William K. Hancock*
                                                                  William K. Hancock
                                                                  Attorney for Defendant

**OF COUNSEL:**
GALLOWAY SCOTT & HANCOCK, LLC
2200 Woodcrest Place, Suite 310
Birmingham, AL 35209
205-949-5594
Will.hancock@gallowayscott.com